IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| MARTRICE SMITH | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:15cv176 |
| | | Crim. No. 6:10cr133(4) |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Movant Martrice Smith, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255, complaining of the validity of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Smith pleaded guilty to the offense of being a felon in possession of a firearm on March 2, 2012. He took a direct appeal, but the Federal Public Defender appointed to represent him moved to withdraw and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). The Fifth Circuit agreed that no non-frivolous issues for appellate review were presented and dismissed the appeal as frivolous on April 16, 2013. Smith did not seek certiorari review from the U.S. Supreme Court.

On March 6, 2015, Smith filed this motion to vacate or correct sentence pursuant to 28 U.S.C. §2255, complaining that he received ineffective assistance of counsel, his guilty plea was induced by the trial court's violations of Fed. R. Crim. P. 11, and the magistrate judge, the Hon. Judith Guthrie, erred in not granting his motion for new counsel. Smith contended that the magistrate judge "participated in the plea negotiations," which he states is plain error under Rule 11.

After review of the pleadings, U.S. Magistrate Judge Nicole Mitchell placed Smith on notice that his motion to vacate could be barred by the statute of limitations and gave him an opportunity to respond to this issue. *Day v. McDonough*, 547 U.S. 198, 209, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006). After examining Smith's response, the magistrate judge issued a report recommending that Smith's motion to vacate or correct sentence be dismissed as barred by the statute of limitation. The magistrate judge determined that Smith failed to show due diligence in that he did not explain why he could not have obtained this transcript in the two years between March of 2012 and the date he received the transcript in April of 2014.

The magistrate judge further stated that transcripts from a criminal case are not the type of "newly discovered evidence" contemplated by the statute. *See Santillan v. Cockrell*, civil action no. 3:01cv20270, 2002 WL 999376 (N.D.Tex., May 9, 2002). In his motion to vacate, Smith alleged that at the change of counsel hearing, his attorney, Wayne Dickey, stated on the record that "I can tell you, judge, the negotiation process was difficult. Judge Guthrie was involved to some degree." Thus, the magistrate judge concluded that factual basis for Smith's claim was known or should have been known by him at that time, and the date he received the transcripts was not a trigger for commencement of the limitations period. The magistrate judge also determined that Smith failed to show any valid basis for equitable tolling of the limitations period.

In his objections, Smith contends that the factual predicate for his claim was not discoverable at trial because he never had a trial. He states that he was not aware of the alleged Rule 11 violation because he was confined in the Gregg County Jail, and jail personnel told him he did not need a law library if he had legal representation. He again complains that Dickey should have known of the alleged Rule 11 violation but said nothing at the hearing or on appeal.

Smith also asserts that he showed reasonable diligence, in that he filed a motion for copies on May 28, 2013, a motion for a free transcript on July 29, 2013, another request for a copy of the transcript of the hearing on March 7, 2014, an extension of time to seek §2255 relief on March 13, 2014, a motion for copies on May 5, 2014, and then his §2255 on March 6, 2015.

As the magistrate judge correctly determined, a trial or hearing transcript is not "newly discovered evidence." *See, e.g.*, *Rinaldi v. Sniezek*, 302 F.App'x 125, 2008 WL 5179368 (3rd Cir., December 11, 2008) (stating that "while [the §225 movant] claims he has presented newly discovered evidence that demonstrates his innocence, this evidence consists solely of trial transcripts and witness affidavits. Of course, the testimony was available at trial"); *U.S. v. Stuart*, 972 F.2d 357, 1992 WL 186521 (10th Cir., August 3, 1992) (an excerpt from the trial/sentencing transcript does not constitute "newly discovered evidence"); *Cates v. U.S.*, civil action no. 3:13cv1130, 2014 WL 3404963 (N.D.Tex., July 11, 2014) (stating that "facts contained in the transcripts and court record are not newly discovered facts under §2255(f)(4) sufficient to extend the statutory limitations period"); *Fultz v. United States*, civil action no. 2:05cv175, 2006 WL 3832850 (M.D.Ala., December 28, 2006) (sentencing transcript is not "newly discovered evidence" and in any event, the movant was present at the hearing and thus was aware of the facts supporting her claim).

As a result, Smith's claim that the limitations period should be tolled based on newly discovered evidence is without merit. Likewise, Smith has failed to show that he exercised due diligence, given that the transcripts are not newly discovered evidence and the factual basis for his claim was available to him at the hearing. The magistrate judge also correctly concluded that Smith failed to show any other valid basis for tolling of the limitations period. Although Smith asserts that he did not know the legal significance of the facts because he did not have access to the law library in the Gregg County Jail, the limitations period begins to run when the movant knows or should know of the important facts for his claim, not when he recognizes their legal significance. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *U.S. v. Pollard*, 410 F.3d 48, 55 (D.C.Cir. 2005); *cf. Samford v. Dretke*, civil action no. 3:03cv1969, 2005 WL 1017872 (N.D.Tex., April 27, 2005) (applying rule in §2254 proceeding). Smith's limitations period expired on July 15, 2014, and his motion to vacate was filed seven months later, on February 23, 2015. His objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Movant objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Movant's objections are without merit. It is accordingly

**ORDERED** that the Movant's objections are overruled and the report of the magistrate judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled motion to vacate or correct sentence is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Movant Martrice Smith is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

**SIGNED this 21st day of March, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE