IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARTRICE SMITH | § | |
| v. | § | CIVIL ACTION NO. 6:15cv176 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION TO ALTER OR AMEND THE JUDGMENT

The Movant Martrice Smith filed this motion to vacate or correct sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Factual Background**

Smith was convicted on March 12, 2012, upon his plea of guilty to the offense of possession of a firearm by a felon. His appeal was dismissed as frivolous on April 16, 2013, after counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967).

Almost two years later, on March 6, 2015, Smith filed his §2255 motion to vacate, arguing that he received ineffective assistance of counsel, his guilty plea was induced by the court's violations of Fed. R. Crim. Pro. 11, and the Magistrate Judge, the Hon. Judith Guthrie, erred by not granting his motion for new counsel. He also complained that the Magistrate Judge interfered in plea negotiations and his attorney, Wayne Dickey, failed to object to this interference.

Smith's §2255 motion was referred to United States Magistrate Judge Nicole Mitchell, who ordered Smith to show cause why his motion to vacate should not be dismissed as barred by the statute of limitations. Smith argued in response that newly discovered evidence has a limitations period running from the date of discovery. He stated that he purchased the transcript of the change

1

of counsel hearing on April 3, 2014, and received it on April 8, 2014, and the limitations period should begin to run at that time. Smith also argued that he was actually innocent and that no reasonable juror would have convicted him in light of the new evidence proving Magistrate Judge Guthrie participated in the plea negotiations in violation of Rule 11.

Magistrate Judge Mitchell reviewed Smith's pleadings and determined that the statute of limitations had expired. In so holding, the Magistrate Judge concluded that transcripts in criminal cases are not the type of newly discovered evidence contemplated by the limitations statute, the date Smith received the transcript did not start the limitations period even had Smith shown cause why he could not have obtained the transcript in a timely manner. Smith did not show any other basis for tolling of the limitations period, and Smith did not present a colorable claim of actual innocence. Smith's objections to the Magistrate Judge's Report were overruled and his motion to vacate was dismissed on March 22, 2016.

## II. The Motion to Alter or Amend the Judgment

Smith subsequently filed a motion to alter or amend the judgment, pointing to oral argument before the Supreme Court in *United States v. Davila*, 133 S.Ct. 2139 (2013). In that case, the trial court held an *in camera* hearing on the defendant's motion for new counsel after the defendant complained that his attorney offered no strategy and did not mention a defense to the charges, but simply advised him to plead guilty. The magistrate judge who presided over the hearing told the defendant that he would not get another attorney, sometimes pleading guilty is the best advice an attorney can give his client, it might be a good idea for Davila to plead guilty because there might not be a viable defense to the charges, and Davila should cooperate with the Government in order to obtain a downward departure.

Smith quoted Justice Ginsberg as stating at oral argument that the defendant did not know about Rule 11, was not aware that the judge is not supposed to participate in plea bargaining, and defense counsel wanted the defendant to take a plea and therefore did not tell his client that the judge was doing something wrong. Justice Kennedy and Justice Sotomayor made similar remarks.

2

Smith appeared to argue that as in the comments made by these justices, he had no way of knowing about the Rule 11 violation, implying that the limitations period should start at a later point in time than when he learned of the facts underlying his claim.

### III. The Magistrate Judge's Report

The Magistrate Judge discussed the facts of the *Davila* case and observed that according to the Supreme Court, the magistrate judge's interference in the plea negotiations was "beyond the pale" and violated Fed. R. Crim. Pro. 11. Nonetheless, the Supreme Court held that a Rule 11 violation was not automatic reversible error, despite the comments made at oral argument.

Furthermore, the Magistrate Judge observed that Smith's case is in a different procedural posture because *Davila* was a direct appeal from the denial of a motion to vacate the guilty plea, while Smith is seeking to overcome the statute of limitations on collateral review.

While Smith pointed to the justices' comments at oral argument regarding the defendant's lack of knowledge of the legal significance of a violation of Rule 11, the Magistrate Judge stated that the lack of awareness of the legal significance of the operative facts is not relevant to a discussion of the statute of limitations. 28 U.S.C. §2255 provides that the limitations period shall run from the latest of: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Under the plain language of the statute, the limitations period begins when the movant knows, or through diligence could discover, the important facts, not when the movant recognizes their legal significance. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).

Smith was present in court when Magistrate Judge Guthrie's alleged involvement in the plea process was discussed. He knew or should have known the factual basis for his claim at that time, not when he obtained a copy of the transcript or learned the legal significance of the facts. *See also U.S. v. Nickles*, criminal action no. 03-346, 2006 WL 3246911 (E.D.La., November 7, 2006) (rejecting movant's claim that the statute of limitations began to run when he learned the operative facts at his sentencing, not when he recognized their legal significance); *Fultz v. United States*, civil action no. 2:05cv175, 2006 WL 3832850 (M.D.Ala., December 28, 2006) (sentencing transcript is not "newly discovered evidence" and in any event, the movant was present at the hearing and thus aware of the facts supporting her claim). The Magistrate Judge therefore recommended that Smith's motion to alter or amend the judgment be denied.

**IV. Smith's Objections to the Report**

In his objections, Smith first discusses his direct appeal, arguing that the Fifth Circuit committed plain error on direct appeal by dismissing the Rule 11 violation. Aside from the fact that the district court has no authority to correct alleged errors on the part of the Fifth Circuit, this contention is irrelevant to the discussion of Smith's motion to vacate or correct sentence under 28 U.S.C. §2255.

Smith next asserts that he "disagrees with the Magistrate Judge K. Nicole Mitchell, that Smith 'knew or should have known,' but Smith concurs with the Supreme Court Justice's opinion that Smith 'doesn't know and couldn't know.'" The comments made at oral argument to which Smith alludes are not part of the opinion of the Court, which reversed the Eleventh Circuit's holding that a trial court's violation of Rule 11 required automatic vacatur of the guilty plea.

In addition, Smith indicates that the comments at oral argument referred to the defendant's knowledge of the legal significance of the magistrate judge's alleged violation of Rule 11. In the present case, the Magistrate Judge properly concluded that Smith knew or should have known of the factual basis of his claim at the time of the hearing, which is the relevant consideration for purposes of the statute of limitation. Smith's objection on this basis is without merit.

4

Smith next refers to a motion he filed in May of 2014 seeking an extension of time to file a §2255 motion to vacate sentence, as well as a request for other transcripts. This motion was denied by U.S. District Judge Michael Schneider, who determined that federal courts lack jurisdiction to consider the timeliness of a §2255 motion until the motion is actually filed. The District Judge also concluded that Smith provided no basis for his request for transcripts because his appeal had already been dismissed as frivolous and he did not advance any basis for relief under §2255.

According to Smith, the District Judge's conclusion that he did not advance any basis for relief under §2255 in his motion for extension of time shows that he did not know the factual basis for his Rule 11 claim. On the contrary, Smith's motion for extension of time did not set out any grounds which he intended to raise in a §2255 proceeding, thus leading to the conclusion that he did not advance any basis for relief under §2255. Smith has not shown that the ruling on his motion for extension of time was in error or otherwise provides him a basis for avoiding the statute of limitations. His objection on this ground is without merit.

Third, Smith argues that he showed due diligence because it was his diligence which made the Rule 11 violation known. He asks how one lacking knowledge of the law to recognize a Rule 11 violation can exercise due diligence to uncover the error. Regardless of Smith's argument, the law is clearly established that it is when the movant learns of the fact giving rise to a claim for relief, not when he learns of the legal significance of this fact, which triggers the limitations period. Otherwise, prisoners could allege ignorance of the law until an illuminating conversation with an attorney or fellow prisoner, and thereby in effect write the statute of limitations out of the AEDPA and render it a nullity. *United States v. Pollard*, 416 F.3d 48, 55 (D.C.Cir. 2005).

Smith's lack of due diligence stems from the fact that he was present in court when the alleged involvement by the Magistrate Judge was discussed and therefore knew or should have known of the factual basis for his claim at that time, not when he obtained a copy of the transcript or learned of the legal significance of the facts; however, Smith waited almost two years from the

5

date his conviction became final in which to seek §2255 relief. His objection on this point is without merit.

Next, Smith maintains that the purpose of the AEDPA was to prevent courts from being swamped with meritless issues, not to stop defendants from bringing meritorious claims. According to the Fifth Circuit, the limitations period was enacted "to bring regularity and finality to federal habeas proceedings." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 298 (5th Cir. 1998); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The federal courts do not review the merits of claims prior to making a determination as to whether or not such claims are time-barred. Smith's objection on this point is without merit.

Finally, Smith again discusses the facts surrounding his guilty plea, including the alleged interference by Magistrate Judge Guthrie in the plea proceeding. He states that after the proceeding in which the remarks showing the interference occurred, a change of plea hearing was held for a plea agreement he had previously rejected and did not agree to. He was then indicted alone in a superseding indictment and some 48 days after the judge's intervention, he entered a notice of plea agreement. Smith further contends that his attorney, Wayne Dickey, had material evidence in the form of a letter from a key witness proving misconduct by the police, but never brought it the court's attention.

These allegations make clear that Smith knew or should have known of the alleged misconduct at the time it occurred. The statute of limitations therefore began to run at the time Smith's conviction became final, on Monday, July 13, 2013, and expired on Tuesday, July 15, 2014, well before he sought §2255 relief. Smith's objections fail to show any basis to alter or amend the final judgment and are without merit.

**V. Movant's Motion to Supplement Objections**

Smith has also filed a motion to supplement his objections with an additional argument. In this motion, Smith asserts that he had a conflict of interest with his attorney. He states Dickey permitted misconduct to occur because he, Dickey, wanted the government and the court to

6

intervene in the plea negotiations. Smith further complains that Dickey never presented a defensive strategy but kept asking Smith what was their defense. He states that at the change of plea hearing, it is on record that he never agreed to take the plea agreement unless he got his right to appeal, and Dickey told the court that the Fifth Circuit did not give the right to appeal on a plea agreement.

Smith states that he still rejected the plea agreement and the prosecutor moved to supersede the indictment. He contends Dickey abandoned meritorious grounds on appeal because these would reveal his malfeasance and incompetence, but instead filed an *Anders* brief. Smith again refers to the letter from his co-defendant which Dickey received from Smith but would not present to the court and argues that based on counsel's conflict of interest, he, Smith, had no real lawyer secured to him by the Sixth Amendment.

All of the facts recited by Smith in his motion to supplement were known or should have been known by him at the time the events occurred. Smith has shown no reason why the allegations raised in his motion to supplement should serve to toll the limitations period. He has not demonstrated any statutory basis for tolling under 28 U.S.C. §2255 nor shown the rare and exceptional circumstances required to invoke equitable tolling. *See United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) (proceeding *pro se*, lack of legal training, and unfamiliarity with the legal process are insufficient reasons to equitably toll the statute of limitations). Nor has Smith set out a colorable claim of actual innocence. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). His objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which objection was made. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Movant's objections are without merit. It is accordingly

**ORDERED** that the Movant's objections are overruled and the Report of the Magistrate Judge (docket no. 13) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Movant's motion to alter or amend the judgment (docket no. 12) is **DENIED.**

So **ORDERED** and **SIGNED** this **11** day of **October, 2016.**

_____
Ron Clark, United States District Judge